**FILED**

AUG 0 9 2017 DC

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS EDUARDO GONZALEZ GARCIA<br>(a/k/a "Primo" "Primo Timo" and<br>"Primo Timon"), and<br>JOSE ANTONIO VIVANCO HERNANDEZ<br>(a/k/a "Tronco") | **17CR 544**<br><br>No.<br><br>Violations: Title 21, United States Code, Sections 841(a)(1), 846 and 963, and Title 18, United States Code, Section 1956(h)<br><br>**UNDER SEAL**<br><br>**JUDGE GUZMAN**<br>**MAGISTRATE JUDGE VALDEZ** |

### COUNT ONE

The SPECIAL FEBRUARY 2016 GRAND JURY charges:

Beginning no later than in or about 2012, and continuing until at least in or about January 2017, at Chicago, Arlington Heights, Morris, and Plainfield, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS EDUARDO GONZALEZ GARCIA (a/k/a "Primo" "Primo Timo," and
"Primo Timon"), and
JOSE ANTONIO VIVANCO HERNANDEZ (a/k/a "Tronco"),

defendants herein, did conspire with each other, with Jesus Arredondo Alvarez (a/k/a "Green," "Chuy" and "Doctor"), Luis Garcia, Noemi Rosales Sanchez (a/k/a "La Guerra") Agustin Patricio, Jose Delrio and Rosa Gonzalez Soberanis, and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

Beginning no later than in or about 2012, and continuing until at least in or about January 2017, at Chicago, Arlington Heights, Morris and Plainfield, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS EDUARDO GONZALEZ GARCIA (a/k/a "Primo" "Primo Timo," and "Primo Timon"), and
JOSE ANTONIO VIVANCO HERNANDEZ (a/k/a "Tronco"),

defendants herein, did conspire with each other, with Jesus Arredondo Alvarez (a/k/a "Green," "Chuy" and "Doctor"), Luis Garcia, Noemi Rosales Sanchez (a/k/a "La Guerra") Agustin Patricio, Jose Delrio and Rosa Gonzalez Soberanis, and with others known and unknown to the Grand Jury, to knowingly and intentionally import into the United States from a place outside the United States, namely, Mexico, a controlled substance, namely, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1);

All in violation of Title 21, United States Code, Section 963.

## COUNT THREE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

On or about August 8, 2016, at Arlington Heights, Illinois, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS EDUARDO GONZALEZ GARCIA (a/k/a "Primo" "Primo Timo" and "Primo Timon"),

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

On or about August 9, 2016, at a public storage facility located at 20 East University Drive, Arlington Heights, Illinois, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LUIS EDUARDO GONZALEZ GARCIA (a/k/a "Primo" "Primo Timo" and "Primo Timon"),

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FIVE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

On or about October 27, 2016, at Morris, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS EDUARDO GONZALEZ GARCIA (a/k/a "Primo" "Primo Timo" and "Primo Timon"),

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, 5 kilograms or more of a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

# COUNT SIX

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

On or about November 23, 2016, at Chicago Ridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS EDUARDO GONZALEZ GARCIA (a/k/a "Primo" "Primo Timo" and "Primo Timon"), and
JOSE ANTONIO VIVANCO HERNANDEZ (a/k/a "Tronco"),

defendants herein, did knowingly and intentionally possess with distribute a controlled substance, namely, 5 kilograms or more of a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SEVEN

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

On or about November 23, 2016, at Plainfield, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS EDUARDO GONZALEZ GARCIA (a/k/a "Primo" "Primo Timo" and "Primo Timon"), and
JOSE ANTONIO VIVANCO HERNANDEZ (a/k/a "Tronco"),

defendants herein, did knowingly and intentionally possess with distribute a controlled substance, namely, 5 kilograms or more of a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT EIGHT

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

Beginning no later than in or about 2012, and continuing until at least in or about January 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS EDUARDO GONZALEZ GARCIA (a/k/a "Primo" "Primo Timo," and "Primo Timon"), and
JOSE ANTONIO VIVANCO HERNANDEZ (a/k/a "Tronco"),

defendants herein, did knowingly conspire with each other, with Jesus Arredondo Alvarez (a/k/a "Green," "Chuy" and "Doctor"), Luis Garcia, Noemi Rosales Sanchez (a/k/a "La Guerra") Agustin Patricio, Jose Delrio and Rosa Gonzalez Soberanis, and with others known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956, namely:

1. to knowingly conduct and attempt to conduct a financial transaction involving proceeds of a specified unlawful activity, namely, the felonious buying, selling and otherwise dealing in a controlled substance, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and that the transaction was designed, in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

2. to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside of the United States

9

with the intent to promote the carrying on of a specified unlawful activity, namely, the felonious buying, selling, importation, and otherwise dealing in a controlled substance, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

    3.    to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of a specified unlawful activity, namely, the felonious buying, selling, importation, and otherwise dealing in a controlled substance, from a place in the United States to or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

# FORFEITURE ALLEGATION

The SPECIAL FEBRURARY 2016 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 963, as set forth in this Indictment, defendants shall forfeit to the United States of America any property which constitutes or is derived from proceeds obtained, directly and indirectly, as a result of the offense; and any property used or intended to be used, in any manner or part, to commit and facilitate commission of the offense, as provided in Title 21, United States Code, Section 853(a).

2. Upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h), as set forth in this Indictment, defendant shall forfeit to the United States of America, any property involved in such offense, and any property traceable to such property, as provided in 18 USC § 982(a)(1).

3. The property to be forfeited includes, but is not limited to:

    a. a personal money judgment in an amount equal to the proceeds derived from the offenses in violation of Title 18, United States Code, Sections 841(a)(1), 846 and 963, estimated to be at least $ 10,000,000.

    b. a personal money judgment in an amount equal to the funds involved in the violation of Title 18, United States Code, Section 1956(h), estimated to be at least $ 10,000,000.

11

4. The interests of the defendants, jointly and severally, subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853, are estimated to be at least $10,000,000.

5. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY